Mary A. Killian  
vs.  } Div. No. 25063.  
Ferdinand F. Killian

June 6, 1931.

BLODGETT, P. J.   Petition for divorce from bed and board and future cohabitation on ground of neglect to provide and extreme cruelty and gross misbehavior.

Respondent is a dentist carrying on his profession in Providence.

As to the ground of neglect to provide, the evidence in support of same is insufficient.

As to the allegations of extreme cruelty the testimony is insufficient.

Respondent employed as an assistant in his office a young woman and it is alleged that on several occasions he has been seen in an automobile with this person and that compromising situations have arisen with her.

The parties are both young. The wife is evidently of a jealous disposition and has at times charged her husband with too intimate relations with this woman and has done so in his place of business.

At one time respondent was practising his profession in Baltimore and his wife, disliking living in that city, came to Providence with her husband's consent.   Her husband gave up his business in Baltimore and opened an office in Providence.   At that time he provided a suitable home in Providence.

The husband complains that his wife would come to this office and raise a disturbance and that this seriously interfered with his business.

There is evidence of very indiscreet conduct on his part with this young woman but no direct evidence of immorality.

The Court feels from the testimony that the wife has affection for her husband, and that some grounds exist for her conduct toward him, but that the testimony does not show such gross misbehavior on his part as would entitle her to a divorce.   The husband should be more considerate of his wife and family and not be guilty of any actions that would lead to such manifestly jealous actions on the part of his wife.   The parties are young and to the mind of the Court should be reunited.

Petition is therefore denied.

Cross petition denied and dismissed.

For petitioner: Hogan & Hogan.

For respondent: John P. Hartigan.

John N. Ashodian  
vs.  } Eq. No. 9699.  
Star Dye House Inc.

June 6, 1931.

BLODGETT, P. J.   Heard upon motion of Sarkis Chartalian for leave to foreclose a mortgage executed by respondent.

The mortgage in question was executed June 21, 1929, by Star Dye House, Inc., by John N. Ashodian, President, and Borghas De Bedrosian, Treasurer, and recorded the same day, and covers real estate and personal property of respondent, and was given to secure a note of even date also signed by the president and treasurer of said respondent.

September 7, 1929, Edward L. Leahy was appointed permanent receiver of said corporation, said corporation being insolvent.

Chartalian was a stockholder in said corporation before the time of execution of said mortgage, and the record shows the mortgage to have been given when the corporation owed from $25,000 to $30,000 to creditors. Chartalian was also an employee of said corporation.   No corporation records were produced showing any vote of the corporation authorizing the officers to execute said mortgage.

Chartalian in March 1929 purchased 28 shares of capital stock of said cor-

poration for $6,250 and the note in question for $6,200, and the mortgage securing the same was given to him (Chartalian) for the purchase by the corporation of said shares standing in his name.

Such purchase would impair the capital of said corporation which was in debt to the amount of $25,000 at the time of said purchase, which debt it was admitted by the officers, the corporation could not pay.

A corporation can not use its funds or property for the purchase of its own shares of capital stock when such use would cause an impairment of its capital.

Sec. (g) of Sec. 5 of Chap. 248 Gen. Laws 1923.

Motion denied.

For corporation: Knauer & Fowler.

For petition to foreclose mortgage: Boss, Shepard & McMahon.